Vermont Superior Court
Filed 01/08/24
Lamoille Unit

VERMONT SUPERIOR COURT

Lamoille Unit
154 Main Street
Hyde Park VT 05655
802-888-3887
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-04254

| **Very Vermonty Corp. v. Yvonne Schwank** |
|---|

## ENTRY REGARDING MOTION

Title:          Motion to Continue  (Motion: 4)
Filer:          Yvonne M. Schwank
Filed Date:     January 04, 2024

The motion is GRANTED IN PART.

Defendant Schwank seeks to postpone the rent escrow hearing presently scheduled for January 9, 2024 due to a serious myocardial infarction that she suffered on December 24, 2023, and which has her on bed rest for 8 weeks.  Plaintiff opposes the extension noting that nothing about bed rest precludes Defendant Schwank from attending the hearing remotely or having her caregiver drop off any payments due under a proposed order at the courthouse.

The Court finds, based on the note from Defendant Schwank's treating physician, Shawn Ahmad, that she is currently in a condition warranting a partial delay of the rent escrow hearing. First, Dr. Ahmad's note confirms that Defendant had a serious medical event for which she was hospitalized from December 24, 2023 until January 2, 2024.  Second, Defendant is currently on 8-weeks of bed rest and may not drive, work, or attend school during this time.  Third, Defendant is on new medications that are likely to cause her to be sleepy and confused.

It is this third point that concerns the Court most.  A rent escrow hearing is a preliminary hearing and does not involve resolving the ultimate merits of the case.  By statute, it is limited to questions of whether the rent is currently unpaid and due and the amounts of rent due each month. 12 V.S.A. § 4853a.  Such a hearing can easily be done remotely, and the Court has conducted numerous such hearings on a remote basis.  But even a hearing conducted in the comfort of one's home cannot suffice for due process purposes if the individual against whom the order is sought is in a medically-induced state of confusion or unconsciousness.

While Dr. Ahmad's note does not indicate the degree of confusion or sleepiness that Defendant is experiencing, the Court finds that this initial two-week period following Defendant's hospitalization is a critical time as she recovers, settles into her bed rest, and adjusts to her medication.

After this two-week period, Defendant will still be on bed rest, but she will have adjusted to her medication, begun her recovery, and will have settled into her bedrest. In this respect, the Court is conscious to balance the need for Defendant to physically recover with Plaintiff's right to a summary proceeding. The Court is also conscious that a rent escrow order becomes more difficult the further into the case it is made. Particularly, a rent escrow order requires, in part, that a tenant pay all rent due from the date that the ejectment was filed until the date of the hearing. The longer that period is, the more unpaid rent may be at issue, and the harder for an individual to make this payment in one, two, or even three installments while keeping the prospective rent paid. Given the consequences for not complying with a rent escrow, the Court is cognizant that a delay today makes tomorrow's compliance all the more difficult.

Nothing about Defendant's bed rest will prevent her from testifying about whether or not the rent is unpaid and if it is unpaid, what schedule she could follow to bring such rent payments current. Such hearings, by their nature, are short, not intended to be exhaustive of the issues, and do not get to the underlying merits.

## ORDER

Based on these reasons, the Court cancels the January 9, 2024 hearing. It will reschedule the hearing for a date after January 16, 2024. This will give Defendant time to adjust but will not **unreasonably** delay the escrow process. Defendant may attend this and any other hearing by Webex or phone.

Electronically signed on 1/8/2024 2:59 PM pursuant to V.R.E.F. 9(d)

Daniel Richardson
Superior Court Judge